IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

CONSULTING SERVICES GROUP, LLC,

    Plaintiff,

v.                                       Case No.

FEDERAL INSURANCE COMPANY,

    Defendant.

**COMPLAINT FOR DECLARATORY JUDGMENT**

Comes now Plaintiff Consulting Services Group, LLC ("CSG" or "Plaintiff"), and for its request for a declaratory judgment states as follows:

**PARTIES**

1. Plaintiff CSG is and at all times material to this complaint has been a Tennessee limited liability company with its principal place of business in Memphis, Shelby County, Tennessee.

2. Defendant Federal Insurance Company ("Federal") is a corporation authorized to do business as an insurance company in Tennessee, and organized and existing under the laws of the State of Indiana, with its principal place of business located in Warren, New Jersey.

3. Defendant is an insurer that provided investment advisers errors and omissions liability insurance to Plaintiff for various policy periods (the "Federal Policy"). The policy number for the Federal Policy is 6804-7216, and the policy period for the Federal Policy is June 27, 2006 to June 27, 2010.

4. The Federal Policy is a primary liability insurance policy. Copies of the insurance binders

for the Federal Policy are attached hereto as **Exhibit A.**

5. At all times relevant to this action, Plaintiff was an "insured" under the Federal Policy.

## JURISDICTION

6. Plaintiff brings this declaratory judgment action pursuant to Title 28, United States Code, § 2201, for the purpose of determining questions of actual case and controversy regarding the rights and obligations as between Plaintiff and Defendant with respect to Defendant's duty to defend and insure Plaintiff against any losses arising from an underlying lawsuit involving claims by third parties against Plaintiff.

7. Jurisdiction of this action is based on Title 28, United States Code, § 1332(a), there being complete diversity of citizenship between the parties. The amount in controversy exceeds $75,000.00.

8. Defendant is authorized to or has been doing business in Tennessee, including Shelby County, Tennessee, and the Federal Policy was issued to Plaintiff in Shelby County, Tennessee. By its conduct, Defendant has agreed to submit to the jurisdiction of this Court with respect to matters arising out of the Federal Policy.

## FACTS

9. CSG is a Registered Investment Adviser ("RIA") with the Securities and Exchange Commission and provides investment consulting guidance to both institutional and private clients.

10. The underlying claims which are the subject of this action are pending against CSG in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana, Case Docket No. 567874, Section 25, in the case styled *Firefighters' Retirement System v. Regions Bank, Morgan Asset Management, Inc., Richard Burke and Morgan Keegan & Company,*

*Inc.* (the "FRS Lawsuit").

11. This declaratory judgment action seeks declarations of insurance coverage by this court with respect to Defendant's obligations to provide a defense and indemnity coverage to Plaintiff and Plaintiff's right to receive a defense and indemnity coverage with respect to claims made against CSG in the FRS Lawsuit.

12. The third-party claims in the FRS Lawsuit against CSG were filed on October 21, 2009. A copy of the original Answer, Affirmative Defenses, And Third-Party Demand Of Defendants Morgan Asset Management, Inc. and Christopher Burke filed against CSG in the FRS Lawsuit is attached to this complaint as **Exhibit B** and incorporated herein by reference.

13. A summons and a copy of the third-party claims were served on CSG on December 10, 2009.

14. CSG gave notice of the claims to Defendant on January 24, 2011. CSG demanded from Defendant an unqualified defense and complete indemnity coverage for the third-party claims in the FRS Lawsuit.

15. The gravamen of the third-party claims is that certain defendants in the FRS Lawsuit seek tort law indemnification and/or contribution from CSG for the losses suffered by FRS. The third-party claims against CSG constitute insurable claims because they are derivative of FRS's claims and are being asserted "on behalf of" of FRS for purposes of coverage under the Federal Policy. The third-party plaintiffs assert that if FRS suffered compensable losses and recovers against the third-party plaintiffs, the third-party plaintiffs are entitled to tort indemnification and contribution against CSG because CSG allegedly provided actionable investment advice to FRS.

16. The third-party claims against CSG have been amended on at least two occasions. Attached hereto as **Exhibit C** is a copy of the second amended third party claims against CSG and

others filed on August 1, 2011 (the "Second Amended Third-Party Claims").

17. Between the filing of the original third-party claim against CSG in the FRS Lawsuit and notice of the claim being given to Defendant, no substantive issues were litigated or determined in the FRS Lawsuit, and Defendant has not been prejudiced in any manner by any delay in providing notice of the claim.

18. With respect to the original third-party claims, CSG complied with all conditions and obligations under the Federal Policy with respect to CSG's rights to a defense and to indemnity in the FRS Lawsuit.

19. On March 8, 2011, Defendant advised CSG in writing that it was denying coverage of CSG's claim, and refused to provide a defense to the third-party claims and/or indemnify CSG for any losses arising from the third-party claims in the FRS Lawsuit.

20. Defendant's denial of insurance coverage to CSG for the third-party claims is wrongful and is causing financial harm to CSG.

WHEREFORE, Plaintiff respectfully requests this court to enter its judgment, declaring that:

A.  With respect to the Federal Policy, the third-party claims against Plaintiff in the FRS Lawsuit are covered and insurable claims under the Federal Policy;

B.  Defendant is obligated to (i) defend Plaintiff in the FRS Lawsuit, (ii) pay all sums incurred to date for the defense of Plaintiff in the FRS Lawsuit, and (iii) Defendant's duty to defend will continue until final resolution of the claims made against Plaintiff in the FRS Lawsuit;

C.  Defendant is liable to pay all sums necessary to fully indemnify Plaintiff for any damages, costs, or expenses that Plaintiff is required to pay with respect to the third-party

claims in the FRS Lawsuit.

    D. Plaintiff be awarded its attorneys' fees;

    E. Plaintiff be awarded its taxable legal costs; and

    F.  Plaintiff be granted such other and further relief as the court deems just and proper.

                                      Respectfully respected,

                                      _s/ Scott T. Beall_____
                                      Scott T. Beall  (TN BPR # 013711)
                                      LAW OFFICE OF SCOTT T. BEALL
                                      6800 Poplar Ave.
                                      Atrium I, Suite 215
                                      Memphis, TN  38138

                                      Attorney for Plaintiff